# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
John O. Juroszek

## PEOPLE v MACK

Docket No. 143244. Decided December 12, 2012.

Larry J. Mack was convicted in the Isabella Circuit Court of felonious assault, MCL 750.82; three counts of fourth-degree child abuse, MCL 750.136b(7); reckless driving, MCL 257.626; and failure to stop at the scene of an accident, MCL 257.620. The charges stemmed from a car chase in which defendant pursued and, at one point, hit another car containing his fiancée, her three children, and her parents. The Court of Appeals, METER, P.J., and SAAD and WILDER, JJ., affirmed in an unpublished opinion per curiam issued April 21, 2011 (Docket No. 295929), and defendant sought leave to appeal.

In a memorandum opinion signed by Chief Justice YOUNG and Justices MARKMAN, MARY BETH KELLY, and ZAHRA, the Supreme Court, in lieu of granting leave to appeal and without hearing oral argument, *held*:

MCL 768.27b, which in certain instances expands the admissibility of domestic-violence other-acts evidence beyond the scope permitted by MRE 404(b)(1), does not infringe on the Supreme Court's authority to establish rules of practice and procedure under article 6, § 5 of the 1963 Michigan Constitution for the reasons articulated in *People v Watkins*, 491 Mich 450 (2012), which addressed a very similar issue and controls this case.

Affirmed.

Justice MARILYN KELLY, joined by Justices CAVANAGH and HATHAWAY, dissenting, would have granted defendant's application for leave to appeal in order to reconsider *Watkins*, which was wrongly decided. The majority's extension of the reasoning used in *Watkins* to this case rendered this case wrongly decided as well. Because MCL 768.27b is a procedural rule that conflicts with MRE 404(b), the Legislature overstepped its constitutional authority under the separation of powers when enacting it.

©2012 State of Michigan

# Opinion

Chief Justice:

Robert P. Young, Jr.

Justices:

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra

FILED DECEMBER 12, 2012

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

No. 143244

LARRY JERARD MACK,

Defendant-Appellant.

BEFORE THE ENTIRE BENCH

MEMORANDUM OPINION.

At issue is whether MCL 768.27b infringes on this Court's authority to establish rules of "practice and procedure" under the Michigan Constitution. The Constitution provides that "[t]he supreme court shall by general rules establish, modify, amend and simplify the practice and procedure in all courts of this state." Const 1963, art 6, § 5.

MCL 768.27b addresses the admissibility of evidence in domestic-violence cases that a defendant has committed other acts of domestic violence. It provides in part:

> (1) Except as provided in subsection (4), in a criminal action in which the defendant is accused of an offense involving domestic violence,

evidence of the defendant's commission of other acts of domestic violence is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.

\* \* \*

(4) Evidence of an act occurring more than 10 years before the charged offense is inadmissible under this section, unless the court determines that admitting this evidence is in the interest of justice. [MCL 768.27b.]

The statute thus in certain instances expands the admissibility of domestic-violence other-acts evidence beyond the scope permitted by MRE 404(b)(1), which states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

In *People v Watkins*, 491 Mich 450; 818 NW2d 296 (2012), this Court addressed an issue very similar to that presented here. The statute at issue in *Watkins*, MCL 768.27a, addresses the admissibility of evidence that a defendant accused of certain sexual offenses against a minor has committed other sexual offenses against a minor. Though that statute also in certain circumstances expanded the admissibility of such evidence beyond the scope permitted by MRE 404(b)(1), we determined that it did not infringe on this Court's authority under Const 1963, art 6, § 5. We hold that the reasoning of *Watkins* fully controls in this case. For the reasons articulated in *Watkins*, we conclude that MCL 768.27b does not infringe on this Court's authority to establish rules of "practice and procedure" under Const 1963, art 6, § 5. Likewise, the dissent's

2

arguments here—the same as those advanced by the dissent in *Watkins*—are unpersuasive for the reasons articulated by the Court in *Watkins*.

In lieu of granting defendant's application for leave to appeal, we affirm the judgment of the Court of Appeals.[1]

Robert P. Young, Jr.
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra

---

[1] *People v Mack*, unpublished opinion per curiam of the Court of Appeals, issued April 21, 2011 (Docket No. 295929).

3

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v                                  No. 143244

LARRY JERARD MACK,

       Defendant-Appellant.

---

MARILYN KELLY, J. (*dissenting*).

As noted by the majority, at issue is whether MCL 768.27b infringes on this Court's constitutional authority to establish rules of practice and procedure. Relying on its reasoning in *People v Watkins*,[1] which considered a similar statute, MCL 768.27a, the majority holds that MCL 768.27b does not infringe on this Court's constitutional authority. I disagree. For the reasons stated in my dissenting opinion in *Watkins*, that case was wrongly decided. The majority's extension of the reasoning used in *Watkins* to this case renders this case wrongly decided as well.

Our Constitution provides this Court with the express authority to regulate rules of practice and procedure.[2] As I explained in *Watkins*, statutes like MCL 768.27b infringe on that authority.[3] The majority's conclusion to the contrary, both in *Watkins* and in this

[1] *People v Watkins*, 491 Mich 450; 818 NW2d 296 (2012).

[2] Const 1963, art 6, § 5 provides the judiciary with the authority to "establish, modify, amend and simplify the practice and procedure in all courts of this state."

[3] See *Watkins*, 491 Mich at 499-507 (MARILYN KELLY, J., dissenting).

case, is imbued with the flawed reasoning of *McDougall v Schanz*.[4]  *McDougall* effectively neutered this Court's constitutional authority to regulate rules of practice and procedure.[5]  Nonetheless, as in *Watkins*, if *McDougall*'s analysis were faithfully applied here, the majority would recognize that MCL 768.27b is a quintessential procedural rule involving the dispatch of judicial business.  Because that statute conflicts with MRE 404(b) and regulates a matter of procedure, the Legislature overstepped its constitutional authority when enacting it.  Thus, the statute is unconstitutional and violates the constitutional separation of powers.[6]

For these reasons, I would grant defendant's application for leave to appeal in order to reconsider *Watkins*.

Marilyn Kelly
Michael F. Cavanagh
Diane M. Hathaway

---

[4] *McDougall v Schanz*, 461 Mich 15; 597 NW2d 148 (1999).

[5] *McDougall* held that this Court's authority over "practice and procedure" does not include all matters relating to the admission of evidence.  *Id*. at 29.  Instead, it held that a legislatively created rule of evidence does not violate article 6, § 5 of the 1963 Michigan Constitution unless "no clear legislative policy reflecting considerations other than judicial dispatch of litigation can be identified . . . ."  *Id*. at 30 (quotation marks and citations omitted).

[6] Const 1963, art 3, § 2 provides that "[t]he powers of government are divided into three branches: legislative, executive and judicial.  No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution."

2